## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BALWINDER SINGH,                          )
                                          )
    Petitioner,                       )
                                          )
v.                                        )    Case No. CIV-26-1340-G
                                          )
CHRIS GANTT, Warden of Cimarron           )
Correctional Facility, et al.,            )
                                          )
    Respondents.[1]                   )

### ORDER

Now before the Court is Petitioner Balwinder Singh's Motion (Doc. No. 4), seeking transfer of this matter to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

Petitioner, appearing through counsel, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). At the time the Petition was filed, Petitioner was in custody at the Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 4.

In his Motion, Petitioner states that he was transferred by ICE to the Central Valley Annex in McFarland, California, after he filed the Petition. *See* Pet'r's Mot. at 2. McFarland, California, is located in Kern County, California, which lies within the territorial jurisdiction of the Eastern District of California. *See* 28 U.S.C. § 84(b).

---

[1] Chris Gantt, the current Warden of the Cimarron Correctional Facility, is hereby substituted as respondent for Scarlet Grant pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

"[T]he general rule for core habeas petitions challenging present physical confinement" is that "jurisdiction lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  For "core challenges" such as Petitioner's, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."  *Id.* at 435 (internal quotation marks omitted).  Accordingly, when "a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Id.* at 447.

Because Petitioner was confined within this judicial district at the time the Petition was filed, Petitioner "properly file[d] a petition" in the Western District of Oklahoma "naming [his] immediate custodian."  *See id.* at 441; Pet. at 4; Pet'r's Mot. at 1-2.

ICE's subsequent transfer of Petitioner does not render the Petition improper because an "important but limited" exception to the default rule applies "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian."  *See Padilla*, 542 U.S. at 441.  In such a case, "the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Id.*  Because "ICE transferred Petitioner from Oklahoma to [the] Central Valley Annex in McFarland, California," after the Petition was properly filed, Pet'r's Mot. at 2, the Court is not divested of jurisdiction over this matter by Petitioner's present confinement outside the Western District of Oklahoma, *see Padilla*, 542 U.S. at 441 & n.14.

While acknowledging that this Court had and continues to have jurisdiction over this matter, Petitioner requests transfer of the matter to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).  According to § 1404:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Petitioner argues that transfer serves the interest of justice because this matter is in its early stages and the identified respondents have not been ordered to file an answer or otherwise respond to the Petition.  *See* Pet'r's Mot. at 2-3.  Petitioner further notes that the Eastern District of California now has the "most substantial connection to Petitioner's current detention" and that disposition of the Petition will necessarily involve officials who are located in the Eastern District of California.  *See id.* at 3.

Because Petitioner is now detained within the Eastern District of California, he could have brought this habeas corpus challenge in that District.  *See Ramirez v. Barr*, No. CIV-20-1230-G, 2020 WL 8268566, at *2 (W.D. Okla. Dec. 9, 2020) (R. & R.), *adopted*, 2021 WL 262047 (W.D. Okla. Jan. 26, 2021); *see also Padilla*, 542 U.S. at 443, 447. Having considered Petitioner's request and the relevant record, the Court finds that it is "'in the interest of justice' to transfer this action to that district rather than to dismiss the Petition."  *Ramirez*, 2020 WL 8268566, at *2 (quoting 28 U.S.C. § 1404(a)); *see also Thakur v. Grant*, No. CIV-26-1395-J (W.D. Okla. June 16, 2026) (Order).  The Clerk of Court is DIRECTED to transfer this case to the United States District Court for the Eastern District of California.

3

4

IT IS SO ORDERED this 18th day of June, 2026.

_____
CHARLES B. GOODWIN
United States District Judge